JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Richard Jenkins

(b) County of Residence of First Listed Plaintiff San Mateo (EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kathleen A. McCormac, Seth Merrick
McCormac & Associates
655 Montgomery Street, Ste 1200, San Francisco, CA 94111
Tel: 415-399-1722; Fax: 415-399-1733

## DEFENDANTS

United Air Lines, Inc.

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Kari Erickson Levine, Andrew M. McNaught
Seyfarth Shaw, LLP
560 Mission Street, Ste 3100, San Francisco, CA 94105
Tel: 415-397-2823; Fax: 415-397-8549

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting ☒ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities – Other ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA(1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 USC Sections 1332(a), 1441 & 1446 (diversity)

Brief description of cause:
Defend complaint of disability discrimination (FEHA)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

**PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".**

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE: May 16, 2008

SIGNATURE OF ATTORNEY OF RECORD: Andrew M. McNaught

American LegalNet, Inc. www.FormsWorkflow.com

SEYFARTH SHAW LLP
Kari Erickson Levine (SBN 146101)
klevine@seyfarth.com
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JENKINS,<br>Plaintiff,<br>v.<br>UNITED AIR LINES, INC., and DOES 1 to 10, inclusive<br>Defendant. | CV 08 Case No. 2508<br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br>(San Francisco Superior Court Case No.: CGC08-474084) |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Airlines, Inc. hereby files this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446 in order to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Francisco, and state that the removal is proper for the following reasons:

**TIMELINESS OF REMOVAL**

1. On or about April 9, 2008, Plaintiff Richard Jenkins ("Plaintiff") filed a Complaint For Damages against Defendant United Airlines, Inc. ("United" or "Defendant"), and DOES 1-10 in the Superior Court of the State of California, County of San Francisco, Case No.

CGC08-474284. A true and correct copy of the Summons and Complaint filed in the state court is attached as Exhibit A.

2. The Complaint for Damages was served on Defendant on April 17, 2008. No other Complaint has been served on Defendant. This Notice of Removal is timely filed as it is filed within thirty (30) days of April 17, 2008 the date of service of the Summons and Complaint for Damages. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

3. The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. Section 1441(a) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

**PLAINTIFF'S CITIZENSHIP**

Plaintiff is a California Citizen

4. Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

**DEFENDANT'S CITIZENSHIP**

United Airlines, Inc. is Not a California Citizen

5. United Airlines, Inc. is now, and was at the time of the filing of this action, incorporated in the State of Delaware and has its principal place of business in Illinois. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

6. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal

place of business."

7. Defendant is, therefore, not a resident or citizen of the State of California.

**AMOUNT-IN-CONTROVERSY**

8. While Defendant denies any liability as to Plaintiff's claims, the amount-in-controversy requirement is satisfied because it is "more likely than not" that the amount-in-controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 862 (9th Cir. 1996) (internal citation omitted). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. Section 1332(a).

A. Damages. Plaintiff alleges disability discrimination and failure to accommodate under the Fair Employment and Housing Act ("FEHA") arising out of Defendant's alleged refusal in or about May 2006 and April 2007 to permit him to return to work following a disability leave of absence. (Complaint, ¶¶ 15-18). Plaintiff seeks damages for loss of past and future earnings, loss of past and future benefits, and for emotional distress. (Complaint, ¶ 24). Plaintiff also seeks punitive damages. (Complaint, ¶ 26). Punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). In this case, the FEHA allows recovery of punitive damages. *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998).

B. Attorneys' Fees. Plaintiff also claims that he is entitled to attorneys' fees. (Complaint, ¶ 25). Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory.)

9. Accordingly, since this action involves citizens of different states and the amount-in-controversy exceeds $75,000, the requirements for removal under 28 U.S.C. Sections 1332(a)

and 1441(a) are satisfied and this Court has original jurisdiction.

**VENUE**

10. Venue lies in the Northern District of this Court pursuant to 28 U.S.C. Sections 1441(a), 1446(a) and 84(c). This action originally was brought in the Superior Court of the State of California, County of San Francisco. Plaintiff's claims arose out of his employment in San Francisco County, and Defendant is informed and believes that Plaintiff resides in San Mateo County.

**NOTICE OF REMOVAL**

11. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

12. In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. They are the Summons and Complaint for Damages (Exhibit A) and the Answer (Exhibit B).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

DATED: May 16, 2008

SEYFARTH SHAW LLP

By ______________________
Kari Erickson Levine
Andrew M. McNaught

Attorneys for Defendant
UNITED AIRLINES, INC.

# EXHIBIT A

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RICHARD JENKINS

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* CGC-08-474084

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street, Room 103, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kathleen A. McCormac (Bar # 159012) Phone No. (415) 399-1722
McCormac & Associates Fax No. (415) 399-1733
655 Montgomery Street, Suite 1200, San Francisco, CA 94111-2630

DATE: *(Fecha)* APR 9 2008 Clerk, by *(Secretario)* ______, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

KATHLEEN A. McCORMAC (#159012)
SETH MERRICK (#231607)
McCORMAC & ASSOCIATES
655 Montgomery Street, Suite 1200
San Francisco, CA 94111
Tel: (415) 399-1722
Fax: (415) 399-1733

Attorneys for PLAINTIFF
RICHARD JENKINS

FILED
Superior Court of California
County of San Francisco
APR 9 2008
APR 9 - 2008
GORDON PARK-LI, Clerk
BY: [signature] Deputy Clerk

SUMMONS ISSUED

IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO

RICHARD JENKINS,

PLAINTIFF,

vs.

UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,

DEFENDANT(S).

Case No.: CGC-08-474084

COMPLAINT FOR:

1) DISABILITY DISCRIMINATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV'T CODE §§12940 *ET SEQ.*);

JURY TRIAL DEMANDED

## COMPLAINT

Now comes RICHARD JENKINS ("PLAINTIFF") in the above styled action, and files this Complaint and further shows the court as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. PLAINTIFF is a resident of Burlingame, California.
2. UNITED AIR LINES, INC. ("DEFENDANT UNITED") is a corporation, has a place of business and is and has been doing business at San Francisco International Airport, San Francisco, CA 94128 and is therefore subject to the jurisdiction of this Court. DEFENDANT UNITED may be served with Summons and Complaint through its registered agent for service, The Prentice-Hall Corporation System, Inc., at P.O. Box 526036, Sacramento, CA 95852.
3. DEFENDANTS DOES 1-10, are sued herein under fictitious names. Their true names

McCORMAC & ASSOCIATES

and capacities are unknown to PLAINTIFF. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously-named DEFENDANTS are responsible in some way for the occurrences herein alleged and PLAINTIFF'S damages as herein alleged were caused by DEFENDANTS. When the true names of DOES 1-10 are ascertained, PLAINTIFF will amend his Complaint by inserting their true names and capacities herein.

4. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT UNITED is an employer subject to suit under the California Fair Employment and Housing Act (California Government Code §§12940 et seq., hereinafter referred to as the "FEHA").

**JURISDICTION AND VENUE**

5. Plaintiff brings this action pursuant and under the provisions of the California Fair Employment and Housing Act (California Government Code §§12940 et seq., hereinafter referred to as the "FEHA").

6. Jurisdiction and subject matter in this action are proper as the amount in controversy, as set forth in the Complaint, exceeds the minimum jurisdictional threshold of this Court.

7. Venue is proper as all actions relevant to this Complaint took place in San Francisco County, California.

8. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT UNITED is an employer subject to suit under FEHA. DEFENDANT UNITED has at all relevant times been engaged in an industry in the State of California, and has employed five (5) or more employees in the current or preceding calendar year, and is therefore subject to the provisions of FEHA.

9. Within the time provided by law, in or about April 2007, PLAINTIFF made a complaint of disability discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and cross filed with the Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"). PLAINTIFF received a "Right to Sue" notice from the DFEH on April 23, 2007.

**FIRST CAUSE OF ACTION**



**Disability Discrimination**

**(Against DEFENDANT UNITED In Violation of California Government Code §§12940 et seq.)**

10. By this reference, PLAINTIFF hereby incorporates paragraphs 1-9 of this document as if they were set forth within this Cause of Action.

11. At all times herein mentioned, the FEHA was in full force and effect and was binding upon DEFENDANT UNITED. The FEHA requires DEFENDANT UNITED to refrain from discriminating against an employee on the basis of a physical disability, among other things. PLAINTIFF is a qualified individual with a disability as defined by the FEHA. Within the time provided by law, PLAINTIFF filed a charge of discrimination with the DFEH alleging that he had been subjected to discrimination on the basis of his disabilities.

12. DEFENDANT UNITED employed PLAINTIFF from in or about June 1997. At all times during PLAINTIFF'S tenure with DEFENDANT UNITED, PLAINTIFF performed his duties as a Customer Service Agent in an exemplary fashion.

13. PLAINTIFF received an injury to his bilateral upper extremities while working for DEFENDANT UNITED.

14. On or about February 18, 2006, Plaintiff's physician reported that PLAINTIFF was able to perform his usual and customary position with certain restrictions. Following his release to return to work, PLAINTIFF continued to work his usual and customary position.

15. On or about May 26, 2006, DEFENDANT UNITED informed PLAINTIFF that he would not be allowed to work his usual and customary position due to his disability.

16. After he was taken off work, PLAINTIFF requested that DEFENDANT UNITED return him to his former position of employment. DEFENDANT UNITED refused to return PLAINTIFF to work.

17. In or about April 2007, PLAINTIFF, by and through his attorneys, again requested that DEFENDANT UNITED return PLAINTIFF to work.

18. On or about January 7, 2008, PLAINTIFF was returned to work by DEFENDANT UNITED.

19. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by failing to engage in the interactive process with PLAINTIFF.

20. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by failing to make reasonable accommodations to and for the known or perceived disability of PLAINTIFF.

21. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by refusing to allow PLAINTIFF to return to work.

22. DEFENDANT UNITED was aware of PLAINTIFF'S disability, and PLAINTIFF believes and thereon alleges the substantial, but not the only, factor in DEFENDANT UNITED'S decision to refuse to allow PLAINTIFF to work was because of UNITED'S disability. Such discrimination has resulted in damage to PLAINTIFF as alleged herein.

23. PLAINTIFF is informed and believes that in addition to the practices enumerated in this Cause of Action, DEFENDANT UNITED has engaged in other discriminatory practices that are not fully known by PLAINTIFF.

24. As a direct, foreseeable, and proximate result of DEFENDANT UNITED'S discriminatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

25. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANT UNITED pay reasonable attorneys' fees and costs as a part of the cost of this litigation.

26. DEFENDANT UNITED committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by

managerial employees acting in a despicable, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANT UNITED'S discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy of law as DEFENDANT UNITED continues to engage in said alleged wrongful practices, therefore, PLAINTIFF requests:

(a) That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

(b) That DEFENDANT UNITED, their agents, successors, employees, and those acting in concert with DEFENDANT UNITED are enjoined permanently from engaging in each of the unlawful practices, policies, usage and customs set forth herein.

**WHEREFORE**, PLAINTIFF prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF makes the following demand:

(a) That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

(b) That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages for violation of the FEHA (California Government Code §§12940 et seq.);

(c) That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and pre and post judgment interest; and

(d) That PLAINTIFF has such other relief, as this Court deems just and appropriate.

(e) That PLAINTIFF have and recover a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or



deter DEFENDANTS.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: April 9, 2008

McCORMAC & ASSOCIATES

SETH MERRICK
Attorneys for PLAINTIFF

-6-

COMPLAINT AND DEMAND FOR JURY TRIAL

McCORMAC & ASSOCIATES

# EXHIBIT B

EXHIBIT B

SEYFARTH SHAW LLP
Kari Erickson Levine (State Bar No. 146101)
Andrew M. McNaught (State Bar No. 209093)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UNITED AIR LINES, INC.

ENDORSED
FILED
Superior Court of California
County of San Francisco

MAY 15 2008

GORDON PARK-LI, Clerk
BY: BERNADETTE THOMPSON
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| RICHARD JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. CGC08-474084<br><br>**DEFENDANT UNITED AIR LINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |

Defendant UNITED AIR LINES, INC., ("Defendant") on behalf of itself and no others, hereby answers the Complaint of Plaintiff RICHARD JENKINS ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every allegation and cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

Separately, and as defenses to each of the purported causes of action alleged against Defendant in Plaintiff's Complaint, Defendant alleges as follows:

**FIRST DEFENSE**

(Failure to State a Cause of Action – First Cause of Action)

The Complaint fails to allege facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

(Statutes of Limitations – First Cause of Action)

Plaintiff's causes of action are barred in whole or in part to the extent he commenced this action after the applicable statute of limitations, including, but not limited to the statutes of limitations in California Government Code §§ 12960 and 12965 *et seq*., California Code of Civil Procedure §§ 335.1 and 338.

**THIRD DEFENSE**

(Plaintiff's Failure to Exhaust Internal Grievance Procedures – First Cause of Action)

Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust Defendant's available internal dispute-resolution procedures before filing the Complaint.

**FOURTH DEFENSE**

(Plaintiff's Failure to File Timely Administrative Charge – First Cause of Action)

Plaintiff's causes of action are barred in whole or in part to the extent he failed to file a proper charge with an appropriate administrative agency within the required legal deadlines, including but not limited to the deadlines under Government Code §§ 12940 *et seq*.

**FIFTH DEFENSE**

(Plaintiff's Failure to Exhaust Administrative Remedies – First Cause of Action)

Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust required administrative procedures or remedies or otherwise failed to complete, in a timely manner, those steps that are a necessary prerequisite to the filing of the Complaint.

**SIXTH DEFENSE**

(Scope of Administrative Charge – First Cause of Action)

Plaintiff's causes of action are barred in whole or in part to the extent the Complaint's allegations do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit.

**SEVENTH DEFENSE**

(Workers' Compensation Preemption – First Cause of Action)

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act. Cal. Lab. Code §§ 132a and 3200 et seq.

**EIGHTH DEFENSE**

(Laches, Unclean Hands, Waiver, and Estoppel – First Cause of Action)

Plaintiff is not entitled to any relief to the extent he forfeited his right to relief under the doctrines of laches or unclean hands, waived his right to relief, or is estopped from seeking the relief requested in the Complaint.

**NINTH DEFENSE**

(Same Decision – First Cause of Action)

Even if any employment decision Defendant made or any employment action Defendant took with respect to Plaintiff is found to have been unlawfully motivated, which Defendant specifically denies, Plaintiff's claims are barred in whole or in part to the extent the decisions and actions would have occurred in the absence of that motivation.

**TENTH DEFENSE**

(Business Necessity – First Cause of Action)

Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business needs and necessities.

**ELEVENTH DEFENSE**

(Inability to Perform Essential Duties – First Cause of Action)

Any recovery is barred because Plaintiff was unable to carry out the essential duties of his employment, with or without reasonable accommodation.

**TWELFTH DEFENSE**

(Undue Hardship – First Cause of Action)

The accommodation Plaintiff demanded would have caused Defendant undue hardship.

**THIRTEENTH DEFENSE**

(Danger to Health or Safety-First Cause of Action)

Plaintiff's claims are barred to the extent that he could not perform the essential function of his job, even with reasonable accommodation, in a manner that would not endanger the health or safety of Plaintiff and/or others.

**FOURTEENTH DEFENSE**

(Good Faith Efforts – First Cause of Action)

Neither compensatory nor punitive damages may be awarded against Defendant due to its good faith efforts regarding reasonable accommodations for Plaintiff.

**FIFTEENTH DEFENSE**

(Failure to Mitigate – First Cause of Action)

Defendant is informed and believes and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages that he allegedly suffered, but Plaintiff failed and refused to exercise reasonable efforts to mitigate his damages.

**SIXTEENTH DEFENSE**

(Punitive Damages Provisions Unconstitutional – First Cause of Action)

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294 *et seq.* violate Defendant's rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and, (2) the Civil Code provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

**SEVENTEENTH DEFENSE**

(No Punitive Damages for Good Faith Conduct – First Cause of Action)

Plaintiff is not entitled to recover any punitive damages against Defendant for decisions or actions that are contrary to the policies that Defendant instituted in good faith against wrongful or unlawful conduct.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: May 15, 2008

SEYFARTH SHAW LLP

By ______________________
Kari Erickson Levine
Andrew M. McNaught

Attorneys for Defendant
UNITED AIR LINES, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN FRANCISCO )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On May 15, 2008, I served the within documents:

**DEFENDANT UNITED AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machine (415) 397-8549 on May 15, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Kathleen A. McCormac
Seth Merrick
McCormac & Associates
655 Montgomery Street, Ste 1200
San Francisco, CA 94111
Tel: 415-399-1722
Fax: 415-399-1733

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 15, 2008, at San Francisco, California.

Juliana Blackwell
Juliana Blackwell

SF1 28323425.1 / 59000-000026